# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: February 18, 2020

Mr. Eddie Jerome Mills
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

> Re:  Case No. 19-2358, *In re: Eddie Mills*
> Originating Case No.: 1:07-cr-00216-1; 1:07-cr-00007-1; 1:16-cv-00861; 1:16-cv-00862

Dear Mr. Mills,

The Court issued the enclosed Order today in this case.

> Sincerely,
>
> s/Antoinette Macon
> Case Manager
> Direct Dial No. 513-564-7015

cc:  Mr. Thomas Dorwin
     Ms. Jennifer Lee McManus

Enclosure

No mandate to issue

No. 19-2358

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 18, 2020
DEBORAH S. HUNT, Clerk

In re: EDDIE JEROME MILLS,

Movant.

O R D E R

Before: MOORE, GILMAN, and ROGERS, Circuit Judges.

Eddie Jerome Mills, a pro se federal prisoner, moves this court for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255(h).

In 2007, Mills jointly pleaded guilty in two separate cases to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f); two counts of armed credit-union robbery, in violation of 18 U.S.C. § 2113(a), (d), and (g); and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced Mills to a total of 252 months of imprisonment on the armed-robbery counts, to be served consecutively to 84 months of imprisonment on the brandishing-a-firearm count, followed by five years of supervised release. Mills did not appeal.

In 2016, Mills filed a § 2255 motion, which the district court denied. Mills did not appeal that denial. In 2017, Mills sought authorization to file a second or successive § 2255 motion, which this court denied. *See In re Mills*, No. 17-2382 (6th Cir. Apr. 5, 2018) (order).

In 2018, Mills filed a second motion for authorization to file a second or successive § 2255 motion, in which he argued that § 924(c)(3)(B)'s "residual clause," which provides one of the two definitions for a "crime of violence," was unconstitutionally vague. We acknowledged that the constitutionality of § 924(c)(3)(B)'s residual clause was under consideration by the Supreme Court

at the time, but determined that the resolution of that question would have no effect on his convictions. Instead, this court held that his convictions for armed bank robbery and armed credit-union robbery qualified as crimes of violence under the "use of force" clause of 18 U.S.C. § 924(c)(3)(A). *In re Mills*, No. 18-2150 (6th Cir. Feb. 15, 2019) (order). The Supreme Court has since held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Davis v. United States*, 139 S. Ct. 2319 (2019).

Mills now moves this court for the third time for authorization to file a second or successive § 2255 motion, proposing to raise claims that his § 924(c) conviction is invalid in light of *Davis*. He claims that the predicate crime of violence for his § 924(c) conviction is conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, which he argues could satisfy only the now-invalidated residual clause. He also asserts that armed bank robbery does not qualify as a crime of violence under the use-of-force clause.

We may authorize the filing of a second or successive § 2255 motion when the applicant makes a prima facie showing that his proposed claim contains: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see* 28 U.S.C. § 2244(b)(3)(C). Mills does not present any newly discovered evidence, and he premises his claim only on a new rule of constitutional law.

Mills fails to make a prima facie showing because the holding in *Davis* has no effect on his convictions or sentence. He was convicted of multiple counts of armed bank robbery, in violation of § 2113(a), (d), and (f), and armed credit-union robbery, in violation of § 2113(a), (d), and (g). According to the indictment, his § 924(c) conviction was predicated on one of the counts of armed credit-union robbery. Mills's indictment, amended plea agreement, and amended judgment do not reflect that his § 924(c) conviction was predicated on a conspiracy count in this case. As we explained in denying Mills's last motion for authorization, § 2113(a) qualifies as a crime of

No. 19-2358
- 3 -

violence under the use-of-force clause of § 924(c)(3)(A).  *See United States v. Henry*, 722 F. App'x 496, 500 (6th Cir.), *cert. denied*, 139 S. Ct. 70 (2018); *see also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (analyzing the use-of-force clause of USSG § 4B1.2(a)(1)).  Moreover, other circuits have determined that § 2113(d)—adding an additional punishment for putting in jeopardy the life of any person by the use of a dangerous weapon or device—qualifies as a crime of violence under § 924(c)(3)(A).  *See United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir.), *cert. denied*, 139 S. Ct. 647 (2018); *United States v. Watson*, 881 F.3d 782, 784-86 (9th Cir. 2018); *United States v. Armour*, 840 F.3d 904, 907-09 (7th Cir. 2016); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (per curiam).

Accordingly, Mills's motion for leave to file a second or successive § 2255 motion is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk